# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**IVARY BROOKS**                                                                        **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 1:17-CV-39-RP**

**COMMISSIONER OF SOCIAL SECURITY**                                **DEFENDANT**

## **FINAL JUDGMENT**

This cause is before the Court on Plaintiff's Complaint under 42 U.S.C. § 405(g) and 1383(c)(3) for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding an application for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows:

For the reasons announced by the Court on the record at the conclusion of the parties' oral argument during a hearing held on this day, the Court finds there is reversible error. The ALJ's decision does not make clear the weight given – let alone the specific reasons for the weight given – to the opinion of the plaintiff's treating physician Dr. Michael Dolan regarding plaintiff's functional limitations in the use of her right hand. Dr. Dolan's reports – as well as the opinion of the consultative examiner Dr. Robert Shearin and virtually all of the medical evidence in this case – support an RFC with limitations on the use of the right, dominant hand. Indeed, the ALJ presented certain limitations in this regard to the vocational expert in a hypothetical but chose to omit them from the plaintiff's RFC without articulating either the weight he gave Dr.

Dolan's opinion or the reasons the ALJ evidently gave that opinion lesser weight than he should ordinarily give the opinions, diagnoses and medical evidence of a treating physician who is familiar with the claimant's injuries, treatment and responses. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985); SSR 96-2P (S.S.A.), 1996 WL 374188. As such the Court cannot conclude that the Commissioner's decision is supported by substantial evidence, and it is **REVERSED AND REMANDED** with instructions to reevaluate plaintiff's residual functional capacity and to make step four and step five determinations accordingly.

  **SO ORDERED AND ADJUDGED**, this the 26th day of October, 2017.

    /s/ Roy Percy
    UNITED STATES MAGISTRATE JUDGE